Judge Owsley
delivered the opinion of the court.
Thomas and Robert Barr having, in September 1810, executed, in the town of Lexington, several promissarv notes to John Lapsley, then a merchant of Philadelphia; and Lapsley having left the notes with the appellee, M’Cown, with directions for their collection, returned to Philadelphia; and from thence, some time thereafter, addressed a letter to M’Cown, informing him that he, Lapsley, was a-boutto make a shipment of cotton from New-Orleans, and requesting M’Cown to accept drafts for about $5000, which his, Lapsley’s, agent at Orleans was directed to draw upon him: and at the conclusion of his letter observed, “That “he had great hopes that M’Cown would succeed so far as “to get sufficient money from T. and Robert Barr, to enable *109 “him to meet the drafts, without the trouble of drawing “upon Philadelphia.” Accordingly, some time after the receipt of this letter, M’Cown was presented with the drafts from Orleans; and having discharged the same, and tailing to collect any thing from the Barrs, drew upon Lapsley in Philadelphia for the amount thereof; but Lapsley having failed, M’Cown’s bills upon him were protested for non payment.
M’Cown then exhibited his hill in the circuit court of Fayette; and after setting forth the preceding facts, alledg-cs that he was induced to honor the drafts of Lapsley’s agent, not on account of his personal credit only, but in consequence of the notes on the Barrs, which had been left with him by Lapsley: and that those notes had been by him put into the hands of Robert Wickliffe, an attorney, for collection, but were still unpaid; and conceiving he held a lien on those debts to the amount of his advances for Laps-ley, prayed for and obtained an injunction, injoining the money in the hands of the Barrs and Wicldiffe, until a hearing of his cause in equity. He further charges in his bill, that although the notes were given by the Barrs to Laps-ley only, he has been informed that Lapsley has since al-ledged that they were taken on account of a debt due by the Barrs to a certain Francis West, late merchant of Philadelphia; but that West having failed, appointed Henry Nixon, Samuel Mifflin and himself, his assignees; and in virtue of the authority given him by his co-ass¡gnees, he received from the Barrs the notes aforesaid: but he moreover charges, that if it be true the notes were taken on account of the debt to West, that he, M’Cown, when he honored the drafts from Orleans, knew nothing of it, hut then understood, as he had been previously informed by Lapsley, the debts were his own; but he also alledges that West was then largely indebted to Lapsley; so that if the notes we,$ given for West’s debt, he insists that as the creditor of Lapsley, who was the creditor of West, the money should he applied to the payment of his claim; and after making the Barrs, Wickliffe, Lapsley, West and his assignees, defendants, asks for the appropriate relief.
Lapsley, by his answer, admits the demand of M’Cown against him to be just, but alledges, that although the notes on the Barrs were taken to himself, they were given for a debt due to West, and that he, on the 13th April, 1812, by bis written assignment, transferred the debts on the Barrs, *110 to his co-defendants, Nixon and Mifflin, for the use and benefit of the creditors of West. He also admits, that when the notes were given by the Barrs, that West was indebted to himself and a certain Ikin, partners in trade; but he al-ledges, that he and Ikin have since, on the 4th of December, 1811, for a valuable consideration, assigned that debt to a certain William Lapsley, of Philadelphia, and insists that he has no interest in the claim against the Barrs, whereby it can be subjected to M’Cown’s demand. He moreover al-ledges, that since he became indebted to M’Cown, he has been, according to the laws of Pennsylvania, discharged from confinement, as an insolvent debtor, and relies upon that discharge in bar of M’Cown’s demand.
Notes given by a resident dent'andTeft in the hands ofanother sidentiorcol-the credit of those notes t!lSk-sadv!m' a lien on the debt fortius andthe 1 le'nis not edifaf erthe advance the the demand: vd. Cowp. li
. from^debts under the inK^e'lt laws nia'js'no^pro-tection 'h.re. If such notes of the payee, tho’ fora debt ^vas indebted to the payee, c.oll,^cst01' ¡⅛ to theex* tent of his ad-vanees,
*110 West and his assignees, Nixon and Mifflin, admit that when the notes were given by the Barrs, that West was indebted to the firm of Lapsley and Ikin about $16,000, and alledge, that those notes were given by the Barrs on account of a debt due West, and they claim the notes for the benefit of the creditors of West.
The other defendants admit the existence of the funds in their hands, and refer the matter to the determination of ¡¡he court. '
On ⅛31'?11§> Bie court below, conqeiving the money in the hands of the resident defendants, was liable to M’Cown’s pronounced a decree accordingly; and from that ¿ecree West and his assignees have appealed to this court,
In whatever point oí view this case is considered, we are satisfied that the decree of the court below is correct.
Ias ^le nofes were given to Lapsley, they are consider-as belonging to him, there is no question but that the monéy should be applied to the satisfaction of M’Cown’s demand. For M’Cown is not only admitted by the answer Lapsley to have paid the bills drawn upon him from Or-but his claim is moreover abundantly established by the exhibits in the cause; and notwithstanding Lapsley m i,ave obtained a discharge under the laws of Pennsylvania, in relation to insolvent debtors, and although that discharge might possibly bar any proceedings against him in that state, it cannot furnish a legitimate defence in the courts of this
But assuming the fact to be as was contended in argument, that the notes were given by the Barrs on account West’s demand against them; and admitting that those notes ought to be applied to the payment of West’s debts, *111 still we should have no hesitation in affirming the decree in favor of M’Cown.
An assign-mentofadebt made ■witli creditors, will be post-creditors, whether they ifhavealienot
Jr or although West is not shewn to have contracted any debt with M’Cown, yet by his answer, and that of his assignees, he is admitted to have been indebted to the firm of Lapsley and Ikin about $ 16,000, when the notes were given by the Barrs; andas that debt is not pretended to have been paid, and M’Cown, as we have already seen, has not only a just demand against Lapsley, but his demand is moreover, by the exhibits in this cause, shewn to have been created by the advances of money, which M’Cown, in reasonable probability, was induced to make in consequence of those notes upon the Barrs having been left with him by Lapsley. As respects those notes, M’Cown should, most indisputably, in the present contest, be clothed with all the equity which Lapsley, at the taking of the notes, was entitled to, in consequence of the debt which w’as at the time due to him by West; and in that point of view, as the record totally fails to shew West to have been indebted to any other person, M’Cown, as the equitable assignee of Lapsley, should, most clearly, be secured in the payment of his demand out of the debts due by the Barrs.
Nor do we suppose the right of M’Cown to such payment can, in any wise, have been impaired by the assignment ailedged to have been subsequently made to William Laps-ley; for if we are correct in supposing that M’Cown, in consequence of the transactions between him and Lapsley, gained an equity to be reimbursed the amount of his advances, out of the notes upon the Barrs, it follows, that by no transfer of his debt upon West, could Lapsley, thereafter, deprive M’Cown of that equity.
But nbstracting from the consideration of this case nil i “** considerations tending to give M’Cown a specific lien in equity upon the debt due by the Barrs, still we should have no doubt but that the ailedged assignment to William Lapsley furnishes no just objections to the relief given by the court below. For it is impossible for a candid mind, ⅛ viewing the evidence and exhibits in the cause, for a mo-rnent to doubt but that assignment was made, with the intent and for the purpose of hindering and delaying J. Lapsley’a creditors in the prosecution of their just demands; and so, although done in ihe state of Pennsylvania, whose local municipal regulations this court cannot take judicial notice of, yet on deciding according to the plain dictates of natural *112 justice, we can have no hesitation in postponing the claim °f Sl,c-1 an assignee, to the just demands of fair and bona fide creditors.
Wickliffe for appellant, Hoggin, Bibb and Hardin contra.
If the bill a° dS^ct^of parties, but that factap-pear3 by the should’ have been urged by the answer therwise^the court will not ootice it.
But it is contended, that inasmuch as William Lapsley, ^le ass¡gnee> was not made a party to the suit, the decree °f the court below to be reversed,
There is np doubt but all those interested in the matter in contest ought; strictly speaking, to be brought before the courL add where it appears from the face of the bill, that all those having an interest are not made parties, the court 0f original jurisdiction ought not, as has been repeatedly by this court,' to proceed lo a decision on the trier-its; bftt where, as in the present case, there ¡s no apparent lack 6f parties from the bill, but the interest of him, who it is contended, should have been brought before the court, is made known by the answer of the defendants in that court, the failure to make him a party, ought to have been either relied on in the answer or used in defence by way of plea; but as that appears not to have been done in the present case, the necessity of William Lapsley being made a party, was not presented for the decision of the court below, and consequently this court, exercising appellate jurisdiction only, ought not for that cause, to reverse the .decree. The decree must therefore be affirmed with cost.